UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAROLYN MCANANEY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GLAXOSMITHKLINE LLC, *et al.*, <br><br> Defendants. | Civil Action No. 2:12-cv-05120-WHW-MCA |
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 595 HEALTH AND WELFARE FUND, <br><br> Plaintiff, <br><br> v. <br><br> GLAXOSMITHKLINE LLC, *et al.*, <br><br> Defendants. | Civil Action No. 2:12-cv-06721-WHW-MCA |

## CASE MANAGEMENT ORDER NO. 1

**WHEREAS,** on August 14, 2012, Carolyn McAnaney and the International Brotherhood of Electrical Workers, Local 38, Health and Welfare Fund, on behalf of themselves and indirect purchasers in New York and Michigan, brought suit against GlaxoSmithKline LLC, Teva Pharmaceutical Industries Ltd., and Teva Pharmaceuticals (collectively, "Defendants") for injuries resulting from alleged unlawful anticompetitive actions in the market for the drug Lamictal (lamotrigine). *Carolyn McAnaney and the International Brotherhood of Electrical Workers, Local 38, Health and Welfare Fund v. SmithKline Beecham Corporation d/b/a*

*GlaxoSmithKline, Teva Pharmaceutical Industries Ltd., and Teva Pharmaceuticals USA, Inc.*, No. 2:12-cv-05120-WHW-MCA (the "McAnaney Action");

**WHEREAS**, on October 25, 2012, International Brotherhood of Electrical Workers, Local 595 Health and Welfare Fund filed a similar complaint against the same Defendants on behalf of itself and indirect purchasers in California. *International Brotherhood of Electrical Workers, Local 595 Health and Welfare Fund v. GlaxoSmithKline LLC, Teva Pharmaceutical Industries Ltd., and Teva Pharmaceuticals USA, Inc.*, No. 2:12-cv-06721-WHW-MCA (the "IBEW 595 Action");

**WHEREAS**, in order to promote judicial economy and avoid duplication, Plaintiffs in the McAnaney Action and the IBEW 595 Action have moved for entry of this Case Management Order and request, pursuant to Fed. R. Civ. P. 23(g)(3), that the Court appoint interim counsel for the Indirect Purchaser Actions;

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

**A.    Coordination and Consolidation of All Indirect Purchaser Actions**

1.    This order shall apply to the McAnaney Action and the IBEW 595 Action, and each related case brought by indirect purchasers that is subsequently filed in or transferred to this Court ("Indirect Purchaser Actions") unless a party objects within fourteen (14) days of notice of this Order.

2.    The terms of this Order shall not have the effect of making any person, firm, or corporation a party to any action in which they have not been named, served, or added as such in accordance with the Federal Rules of Civil Procedure.

3.    All Indirect Purchaser Actions filed in or transferred to this Court are hereby consolidated.

4.    Lead Indirect Purchaser Action:

    a. *Carolyn McAnaney v. SmithKline Beecham Corporation d/b/a GlaxoSmithKline*, No. 2:12-cv-05120-WHW-MCA, the first-filed action, shall be designated the Lead Indirect Purchaser Action. A lead file will be established for the Indirect Purchaser Action and a docket sheet shall be maintained for that file which shall include all filings subsequently coordinated with the Lead Indirect Purchaser Action.

    b. The Clerk shall make the initial determination to consolidate new and transferred Indirect Purchaser Actions with the Lead Indirect Purchaser Action, subject to *sua sponte* review by the Court or timely objections by parties to any newly filed or transferred action.

5. Every pleading filed in the Lead Indirect Purchaser Action shall bear the following caption:

| In re: LAMICTAL INDIRECT PURCHASER AND ANTITRUST CONSUMER LITIGATION | Master File No. 2:12-cv-05120-WHW-MCA |
|---|---|
| THIS DOCUMENT RELATES TO: | |

6. When a pleading or other court paper filed is intended to apply to all actions, the words "All actions" shall appear immediately after the words "THIS DOCUMENT RELATES TO:" in the caption set out above. When a pleading or other court paper is intended to apply only to one, or some, but not all of, such actions, the party filing the document shall indicate the action(s) to which the document is intended to be applicable.

7. The docket sheet entry will reflect the fact that any particular filing relates to one or more, but less than all, of the plaintiffs. It is the obligation of counsel for the party undertaking such a filing to insure that any orders entered pursuant to such a filing reflect this limitation.

8. Subsequently filed or transferred actions that assert claims on behalf of indirect purchasers of Lamictal tablets shall be consolidated with the Lead Indirect Purchaser Action. When a case that is related to the subject matter of these actions is hereafter filed in this Court or transferred here from another court, the Clerk of this Court shall make an appropriate entry on the docket sheet of the Lead Indirect Purchaser Action and mail a copy of this order to the attorneys for the plaintiffs and any new defendants.

**B. Organization of Plaintiffs' Counsel**

9. Pursuant to Fed. R. Civ. P. 23 (g), the Court appoints the following as interim class counsel for the proposed classes of Indirect Purchasers. Counsel may act on behalf of the proposed class and plaintiffs in all Indirect Purchaser Actions.

    a. Steering Committee:

<u>Chair:</u>

Christopher M. Burke
Walter W. Noss
SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
(619) 233-4565
cburke@scott-scott.com
wnoss@scott-scott.com

Joseph P. Guglielmo
Donald A. Broggi
Penelope D. Abdiel
SCOTT+SCOTT LLP
The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, NY 10174
(212) 223-6444
jguglielmo@scott-scott.com
dbroggi@scott-scott.com
pabdiel@scott-scott.com

Members:

Joseph S. Tusa
TUSA P.C.
1979 Marcus Avenue, Ste. 210
Lake Success, NY 11042
(516) 622-2212
joseph.tusapc@gmail.com

Todd M. Schneider
Jason H. Kim
SCHNEIDER WALLACE COTTRELL
BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, CA 94109
(415) 421-7100
tschneider@schneiderwallace.com
jkim@schneiderwallace.com

Aaron Kaufmann
LEONARD CARDER LLP
1330 Broadway, Suite 1450
Oakland, CA 94612
(510) 272-0169
akaufmann@leonardcarder.com

        Garrett W. Wotkyns
        SCHNEIDER WALLACE COTTRELL
        BRAYTON KONECKY LLP
        8501 North Scottsdale Road, Suite 270
        Scottsdale, Arizona 85253
        (480) 428-0144
        gwotkyns@schneiderwallace.com

    b. Liaison Counsel:

        Lisa J. Rodriguez
        TRUJILLO RODRIGUEZ & RICHARDS, LLC
        258 Kings Highway East
        Haddonfield, NJ 08033
        (856) 795-9002
        lisa@trrlaw.com

10. Members of the Steering Committee and Liaison Counsel shall at the request of the Chair of the Steering Committee or the Court: (1) assist in the coordination of activities and positions, (2) perform administrative matters such as communications between the Court and other counsel (including receiving and distributing notices, orders, motions and briefs no behalf of the group), (3) advise parties of developments of the case, and (4) carry out other duties at the Court's request on behalf of the putative indirect purchaser classes and all parties.

11. The Chair of the Steering Committee, after consultation with the Members of the Steering Committee, shall have sole authority over the following matters on behalf of the putative indirect purchaser classes and all plaintiffs: (1) convening meetings of counsel; (2) initiating, response, scheduling, briefing and argument of all motions; (3) the scope, order and conduct of all discovery proceedings; (4) such work assignments to other counsel as the Chair of the Steering Committee may deem appropriate; (5) retention of experts; (6) designation of which attorneys may appear at hearings and conferences with the

Court; (7) the timing and substance of any settlement negotiations with Defendants; and (8) other matters concerning the prosecution of or resolution of their respective cases.

12. The Chair of the Steering Committee, after consultation with the Members of the Steering Committee, has sole authority to communicate with Defendants' counsel on behalf of all plaintiffs in the Indirect Purchaser Actions. Defendants' counsel may rely on all agreements made only with the Chair of the Steering Committee and such agreements shall be binding on all counsel and the Indirect Purchaser Actions.

13. The Chair of the Steering Committee shall, after consultation with the Members of the Steering Committee, reasonably coordinate activities in the Indirect Purchaser Actions to the extent appropriate and practicable. That coordination shall include avoiding duplication and inefficiency in filing, serving, and/or implementation of pleadings, other court papers, discovery papers, and discovery.

14. The Chair of the Steering Committee shall, after consultation with the Members of the Steering Committee, coordinate when scheduling depositions so as to avoid, to the extent practicable, subjecting the same witness to more than one deposition. The parties shall avoid duplicative questioning.

15. All plaintiffs' counsel in the Indirect Purchaser Actions must keep contemporaneous time records and periodically submit records of time and expenses to the Chair of the Steering Committee or its designee.

**C. Schedule**

16. Within 21 days after the filing of the entry of CMO No. 1 the Plaintiffs shall file a consolidated class action complaint.

17. Thereafter, the parties agree they will jointly seek a stay of the litigation until the matter of *In re: Lamictal Direct Purchase Antitrust Litig, Master*

*File No. 12 -995(WHW), has been resolved on appeal or upon 30 days' notice to the opposing party of an intention to have the stay lifted.*

IT IS SO ORDERED.

Dated: 15 January 2013

_____
The Honorable William H. Walls