**DEBENEDICTIS & DEBENEDICTIS LLC**
Michael J. DeBenedictis
20 Brace Road, Suite 350
Cherry Hill, NJ 08034
Telephone: (856) 795-2101
mjd@debenedictislaw.com

*Liaison Counsel for Plaintiffs*

**SCOTT+SCOTT, ATTORNEYS AT LAW, LLP**
Christopher M. Burke (*pro hac vice*)
cburke@scott-scott.com
Walter W. Noss (*pro hac vice*)
wnoss@scott-scott.com
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile:  (619) 233-0508

*Counsel for Plaintiffs McAnaney and IBEW Local 38,*
*Chair of Steering Committee*

*Additional Counsel Listed on Signature Page*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: LAMICTAL INDIRECT PURCHASER AND ANTITRUST CONSUMER LITIGATION | : No. 2:12-cv-05120-WHW-CLW :  : Return Date:  May 2, 2016 : |
| This Document Relates to: | : : |
| **ALL INDIRECT PURCHASER ACTIONS** | : : : |

## PLAINTIFFS' MOTION FOR PARTIAL RECONSIDERATION

## TABLE OF CONTENTS

Page(s)

**INTRODUCTION** ..................................................................................................1

**STANDARD OF REVIEW**.....................................................................................2

**ARGUMENT** .........................................................................................................3

I. PLAINTIFFS' DONNELLY ACT CLAIM (COUNT IV) WAS TIMELY-FILED AFTER OCTOBER 8, 2008 ..................................................................6

II. PLAINTIFFS' CARTWRIGHT ACT AND UNFAIR COMPETITION LAW CLAIMS (COUNTS VIII & IX) WERE TIMELY FILED BASED ON CALIFORNIA'S DELAYED DISCOVERY DOCTRINE ................................9

**CONCLUSION** ....................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*American Pipe and Construction Co. v. Utah*,
   414 U.S. 538 (1974)……………………………………………………………..11

*Aryeth v Cannon Bus. Sols., Inc.*,
   292 P.3d 871 (Cal. 2013)………………………………………………………2,9,11

*Bernson v. Browning-Ferris Industries*,
   873 P.2d 613 (Cal. 1994)………………………………………………………….6

*Fasteners Antirust Litig,*
   2011 U.S. Dist. LEXIS 90076 (E.D. Pa. Aug. 12, 2011)……………………9

*G-69 v. Degnan*,
   748 F. Supp. 274 (D.N.J. 1990)……………………………………………..2

*General Stencils, Inc. v. Chiappa*,
   219 N.E.2d 169 (N.Y. 1966)……………………………………………………...6

*Glus v. Brooklyn Eastern Term.*,
   359 U.S. 231 (1959)……………………………………………………………..6

*Grisham v. Philip Morris USA, Inc.*,
   151 P.3d 1151 (Cal. 2007)………………………………………………………10

*Harsco Corp. v. Zlotnicki*,
   779 F.2d 906 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986)…………..2

*Herman v. 36 Gramercy Park Realty Assoc., LLC*,
   2014 N.Y. Misc. LEXIS 1578 (N.Y. Sup. Ct. Apr. 2, 2014)………………..6

*In re Bulk [Extruded] Graphite Prods. Antitrust Litig.*, No. 02-6030
   2004 U.S. Dist. LEXIS 29586(D.N.J. Oct. 26, 2004) (Walls, J.)…………..4

*In re Cipro Cases I & II*,
   348 P.3d 845 (Cal. 2015)………………………………………………………6

*In re Nexium (Esomeprazole) Antitrust Litig.*,
   968 F. Supp. 2d 367 (D. Mass. 2013)……………………………………….8

*Massachusetts Mutual Life Ins. Co. v. Superior Court*,
    119 Cal. Rptr. 2d 190 (Cal. App. Ct. 2002)……………………………………..10

*Mercedes-Benz II*,
    2006 U.S. Dist. LEXIS 51202………………………………………………………….9

*Mercedes-Benz Antitrust Litig.*,
    2006 U.S. Dist. LEXIS 51202, (D.N.J. July 26, 2006) (Walls, J.)………...4

*New York v. Hendrickson Bros., Inc.*,
    840 F.2d 1065 (2d Cir. N.Y. 1988)……………………………………………………4

*New York v. Feldman*,
    2003 U.S. Dist. LEXIS 11759 (S.D.N.Y. July 10, 2003)……………………7

*New York Guardian Mortgage Corp. v. Cleland*,
    473 F. Supp. 409 (S.D.N.Y. 1979))…………………………………………….2

*Norgart v. Upjohn Co.*,
    981 P.2d 79 (Cal. 1999)……………………………………………………………10

*North River Ins. Co. v. CIGNA Reinsurance Co.*,
    52 F.3d 1194 (3d Cir. 1995)……………………………………………………....2

*Oshiver v. Levin, Fishbein, Sedran & Berman*,
    38 F.3d 1380 (3d Cir. 1994)…………………………………………………….5,6

*Pericon v. Ruck*,
    2008 N.Y. Misc. LEXIS 7952, (N.Y. Sup. Ct. Feb. 7, 2008)……………….7

*Trendx Enters., Inc. v. All–Luminum Prods., Inc.*,
    856 F. Supp. 2d 661 (D.N.J. 2012)…………………………………………….5

*United Food & Com. Wkrs Local 1776 v. Teikoku Pharma United States, Inc.*,
    74 F. Supp. 3d 1052 (N.D. Cal., 2014)……………………………………...8

*Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.*,
    944 F.2d 870 (Fed. Cir. 1991)…………………………………………………5

*Zumpano v. Quinn*,
    849 N.E.2d 926 (N.Y. 2006)…………………………………………………...6

Plaintiffs Carolyn McAnaney, the International Brotherhood of Electrical Workers Local 38, Health and Welfare Fund ("IBEW Local 38") and the International Brotherhood of Electrical Workers Local 595, Health and Welfare Fund ("IBEW Local 595") (collectively, "Plaintiffs") respectfully submit this brief Memorandum of Law in Support of their Motion for Partial Reconsideration of this Court's Order Granting, in part, the Motion for Judgment on the Pleadings (ECF No. 94) filed by defendants GlaxoSmithKline LLC ("GSK"), Teva Pharmaceutical Industries Ltd. ("Teva Ltd.") and Teva Pharmaceuticals USA, Inc. ("Teva USA" and with Teva Ltd., "Teva", and with GSK, "Defendants").

## INTRODUCTION

On March 22, 2016, this Court entered an Opinion ("Op.") and Order (Doc. Nos. 94, 95) resolving Defendants' joint motion (Doc. No. 84) under Fed. R. Civ. P. 12(c). The Opinion and Order sustained Plaintiffs' federal antitrust claims (Counts I – III) and an unjust enrichment claim under New York law (Count X). The Court dismissed as time-barred Plaintiffs' claims arising under the New York Donnelly Act (Count IV) and consumer protection law (Count V), the Michigan Antitrust Reform Act (Count VI) and the consumer protection law (Count VII), the California Cartwright Act (Count VIII) and Unfair Competition Law (Count IX) and unjust enrichment claims under all states other than New York.[1]

---

[1] While Plaintiffs move to reconsider only three dismissed Counts, they preserve for appeal and amendment their arguments that the other dismissed claims were timely and sufficiently pleaded and should not have been dismissed.

Plaintiffs now move to reconsider dismissal of Counts IV, VIII and IX for two reasons. *First*, Plaintiffs filed their original complaint within the four-year statutes of limitations and a reasonable time after October 8, 2008, which is the accrual date resulting from Defendants' fraudulent concealment. *Second*, under the California Supreme Court's decision in *Aryeh v. Canon Bus. Sols., Inc.*, 292 P.3d 871, 876 (Cal. 2013), Plaintiffs' Cartwright Act and California Competition Law claims were timely filed from discovery of those claims by Plaintiff IBEW Local 595. Plaintiffs respectfully submit that reconsideration is proper here because the court's Opinion was based, *inter alia*, upon an issue not directly raised by the parties in their opening brief (which, absent reconsideration, deprives Plaintiffs of a full and fair opportunity to respond), and also because applying the four (4) year limitations period applicable to Counts IV, VIII and IX, the claims are timely based upon an October 8, 2008 claim accrual date. As shown below, the matters and decisions raised, if considered by this court, would have altered the result reached, preventing manifest injustice.

## STANDARD OF REVIEW

The purpose of a motion to reconsider is to "correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986). A Court may grant a motion to reconsider if the moving party shows: (1) an intervening change in the controlling law; (2) the existence of new evidence that was not available when the

2

court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). The "proper ground for granting a motion to reconsider, therefore, is that the matters or decisions overlooked, if considered by the court, 'might reasonably have altered the result reached.'" *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990) (quoting *New York Guardian Mortgage Corp. v. Cleland*, 473 F. Supp. 409, 420 (S.D.N.Y. 1979)).

## ARGUMENT

The Court's Opinion agreed with Plaintiffs that Defendants' public statements and SEC filings had concealed a fact central to this antitrust case, namely that GSK granted Teva a No-AG Commitment:

> The Court agrees with Plaintiffs that the term "exclusive," as used in press releases and filings disclosing Teva's license to sell lamotrigine tablets in 2008, did not clearly indicate that GSK had agreed not to sell its own generic lamotrigine tablets during the time period, and the No-AG Commitment is part of the allegedly anticompetitive conduct upon which Plaintiffs bring their claims. ECF No. 89 at 19.

Op. at 27. As a result, the accrual date for Plaintiffs' claims was delayed until GSK publicly-filed the agreement containing the No AG Commitment in a subsequent lawsuit on October 8, 2008. Op. at 28 ("In any event, Plaintiffs admit that GSK filed redacted copy of the settlement agreement containing the material terms of the No-AG Commitment in October 2008"); Op. at 36 ("California's fraudulent concealment doctrine, like New York's and Michigan's, tolls the statute

3

of limitations for causes of action that have already accrued.").

While Plaintiffs maintain that October 8, 2008 is the proper delayed accrual date, the Court's analysis also considered July 23, 2008 (the filing date of Teva's complaint against GSK) as the possible delayed accrual date. The Court's analysis did not decide among those dates, but rather conducted its fraudulent concealment, tolling and statute of limitations analyses considering both delayed accrual dates. Op. at 28, 37-38. It is not necessary to decide among those dates now if Plaintiffs' claims are timely under *either* date, for two reasons. *First*, as this Court has recognized, Plaintiffs are not assumed to know about the date of a publicly-filed document the instant it is filed. *See In re Bulk [Extruded] Graphite Prods. Antitrust Litig.*, No. 02-6030, 2004 U.S. Dist. LEXIS 29586, at *8 (D.N.J. Oct. 26, 2004 ) (Walls, J.) ("Plaintiffs are not required to demonstrate knowledge of all information contained in public records to plead their reasonable diligence."). *Second*, the factual determination as to whether and when Plaintiffs' reasonably learned the details of these public filings should not be decided on a pleading motion. *See New York v. Hendrickson Bros., Inc.*, 840 F.2d 1065, 1085 (2d Cir. N.Y. 1988) (The plaintiffs' exercise of due dillignce as to timing of filing Donnelly Act claim after learning of antitrust violations was a jury question); *Mercedes-Benz Antitrust Litig.*, 2006 U.S. Dist. LEXIS 51202, *67 (D.N.J. July 26, 2006) (Walls, J.) ("In sum, the issues of fraudulent concealment and equitable tolling of the statute of limitations cannot be decided before trial.").

4

Should the Court decide it is necessary at this juncture to choose between the July and October 2008 accrual dates, it should choose October 8, 2008. All parties and the Court agree that before GSK filed a redacted version of the Licensing and Supply Agreement on that date, the complete terms of the No-AG Commitment were not publicly available. *See* Op. at 28. Defendants have protested that Teva's July 2008 complaint should have put Plaintiffs on notice. But that complaint only *partially* quoted a *single line* from the No-AG Commitment agreement language. *See* Teva Cpt. ¶22 (DeBenedictis Decl., Ex. 4) (Doc. No. 89-1). Moveover, GSK moved to dismiss Teva's July 2008 complaint asserting that Teva misunderstood and misstated Defendants' agreement. It would have been impossible for Plaintiffs or their counsel – or anyone – to evaluate the issue until possessing the actual contract language. That did not occur (at the earliest) until October 8, 2008. *See Trendx Enters., Inc. v. All–Luminum Prods., Inc.*, 856 F. Supp. 2d 661, 671 (D.N.J. 2012) (citing *Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.,* 944 F.2d 870, 875 (Fed. Cir. 1991) ("[T]he use of the term 'exclusive license' in the [transfer agreements] is not dispositive; what the documents in fact recite is dispositive.")).

Plaintiffs' original complaint was filed in August 2012, within the four-year statutes of limitation for their Donnelly Act, Cartwright Act and California Unfair Competition Law claims, running from October 8, 2008. Under the fraudulent concealment standards applied in this Circuit, those claims are timely:

5

> [The fraudulent concealment] doctrine provides the plaintiff *with the full statutory limitations period*, starting from the date the facts supporting the plaintiff's cause of action either become apparent to the plaintiff or should have become apparent to a person in the plaintiff's position with a reasonably prudent regard for his or her rights.

*Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1389-90 (3d Cir. 1994) (italics added).[2]  Among the two claims at issue in *Oshiver* was a Pennsylvania state statutory claim.  Even if a shorter time is considered, a finding that Plaintiffs believe is erroneous, Plaintiffs filed their original complaint within a reasonable time after October 8, 2008.

## I. PLAINTIFFS' DONNELLY ACT CLAIM (COUNT IV) WAS TIMELY-FILED AFTER OCTOBER 8, 2008

Plaintiffs agree that a New York claim is timely filed under the fraudulent concealment and equitable tolling rules if the plaintiff exercises "due diligence" in filing the claim once being placed on reasonable notice of the concealed facts.  Op. at 23-24; *see also Zumpano v. Quinn*, 849 N.E.2d 926, 934-36 (N.Y. 2006); *General Stencils, Inc. v. Chiappa*, 219 N.E.2d 169, 171 (N.Y. 1966).

Application of the "due diligence" standard has admittedly been subject to uneven application in the New York courts.  However, it has and should be

---

[2]  New York and California premise their fraudulent concealment standards on the federal standards. See, *General Stencils, Inc. v. Chiappa,* 219 N.E.2d 169, 170 (N.Y. 1966) (quoting *Glus v. Brooklyn Eastern Term*., 359 U.S. 231, 232-33 (1959)); *Bernson v. Browning-Ferris Industries*, 873 P.2d 613, 615 (Cal. 1994) (recognizing doctrine of fraudulent concealment); *In re Cipro Cases I & II*, 348 P.3d 845, 859 (Cal. 2015) (federal law is instructive to interpretation of California's Cartwright Act and Unfair Competition Law).

interpreted to permit filing within the statute of limitations running from the delayed accrual date due to the concealment. *See Herman v. 36 Gramercy Park Realty Assoc., LLC*, 2014 N.Y. Misc. LEXIS 1578, *24-25, *26 (N.Y. Sup. Ct. Apr. 2, 2014) ("The *length of the statutory period* sets an outside limit on what will be regarded as due diligence.") (italics added); *Pericon v. Ruck*, 2008 N.Y. Misc. LEXIS 7952, *6 (N.Y. Sup. Ct. Feb. 7, 2008) ("The statute of limitations for the fraud cause of action, which accrued [as a result of fraudulent concealment] on April 5, 1993, expired in April 1999; this action was commenced on July 30, 2006, six years after the *expiration of the statute of limitations*.") (italics added). The federal courts applying the Donnelly Act agree. *New York v. Feldman*, 2003 U.S. Dist. LEXIS 11759, *17 (S.D.N.Y. July 10, 2003) ("*Second*, New York claims that it did not learn of the scheme until April 2000, and the other plaintiffs did not learn of it until 2001. The States then apparently brought this action *well within four years* from the date they learned of the alleged violations.") (italics added).

Defendants' joint brief in support its motion for judgment on the pleadings does not mention the term "due diligence" when discussing the New York standards, or argue those standards require filing a claim *prior* to the running of the statute of limitations. *See* Doc. No. 84-1 at 12-19.[3] Rather they argued that did not conceal any material fact (including the No-AG Commitment). This Court

---

[3] Defendants did refer to a "reasonable diligence" duty to *discover* the concealed facts, Doc. No. 84-1 at 13, which is different than the New York "due diligence" standard to file a claim *after* gaining knowledge of the concealed facts.

7

rejected that portion of Defendants' argument. Op. at 27. Yet, it did find that Plaintiffs failed to sustain their burden to explain their due diligence. Op. at 28. As this argument was not raised by Defendants, Plaintiffs did not have a fair opportunity to respond.

If "due diligence" means a time is shorter than the statute of limitations, Plaintiffs' Donnelly Act claim was still timely filed. The reason being that Plaintiffs filed their original complaint within a reasonable time after the FTC's *Authorized Generic Drugs: Short-Term Effects and Long-Term Impact* (August 2011) (the "FTC AG Report"). Prior to the FTC AG Report, Plaintiffs are not aware of any decisions sustaining antitrust laws based on a No-AG Commitment among pharmaceutical competitors.[4] Nor have Defendants brought any such case to the Court's attention. *See* Doc. No. 91 at 4 (Defendants' Reply Brief discussing No-AG Commitment cases). The related Direct Purchaser Lamictal case was filed in February 2012. This case was filed a few months later.

Plaintiffs acknowledge this Court's ruling that the FTC AG Report could not serve as the basis to toll the accrual date for their claims. Op. at 27, n.4. We do not challenge that ruling on this motion. Rather, we make the different argument that after October 8, 2008 it was reasonable for Plaintiffs not to file their antitrust

---

[4]  *See, e.g, United Food & Commercial Workers Local 1776 v. Teikoku Pharma United States, Inc.*, 74 F. Supp. 3d 1052 (N.D. Cal., 2014) (denying motion to dismiss antitrust claims based on No-AG Commitment); *In re Nexium (Esomeprazole) Antitrust Litig.*, 968 F. Supp. 2d 367 (D. Mass. 2013) (same).

8

claims based on a No-AG committement agreement prior to publication of the FTC AG Report. Plaintiffs' case was a filed a reasonable time thereafter that Report.[5]

## II. PLAINTIFFS' CARTWRIGHT ACT AND UNFAIR COMPETITION LAW CLAIMS (COUNTS VIII & IX) WERE TIMELY FILED BASED ON CALIFORNIA'S DELAYED DISCOVERY DOCTRINE

Under California's delayed discovery doctrine, a plaintiff is entitled to the *full statutory limitations period* once he or she is put on reasonable notice of the existence of a claim and that period cannot be shortened based on alleged lack of diligence. This is clear from both the language of California cases interpreting this doctrine, the underlying rationale for the doctrine, and cases applying this doctrine.

In *Aryeh*, for example, the California Supreme Court described the operation of the limitations period as follows: "The limitations period … runs from the moment a claim *accrues*." 292 P.3d at 875. (emphasis added). But the discovery rule "*postpones accrual* of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." *Id.* (emphasis added). In other words, in calculating whether the limitations period has run under California law, the Court must first determine when the plaintiff discovers or has reason to discover the cause of action, which sets the accrual date, and then apply the *full limitations period*. The plaintiff's due diligence is relevant to the first of these inquiries but

---

[5] *Simcuski*, 44 N.Y. 2d at 451 (the due diligence issue should generally not be decided on a "skeletal record"); *accord* In re *Fasteners Antitrust Litig,* 2011 U.S. Dist. LEXIS 90076, *18 (E.D. Pa. Aug. 12, 2011) ("Nevertheless we are satisfied that the determination of diligence is more appropriate after the factual record is developed."); *Mercedes-Benz II*, 2006 U.S. Dist. LEXIS 51202 at *67.

9

not to the second. As the California Supreme Court reasoned in *Norgart v. Upjohn Co.*, 981 P.2d 79, 87 (Cal. 1999): "Inasmuch as [the limitations period] necessarily fixes a definite period of time, it operates conclusively across the board, and not flexibly on a case-by-case basis." (Internal quotations omitted.) Thus, "a cause of action brought by a plaintiff within the limtiations period applicable thereto is not barred, even if, in fact, the former is stale and the latter dilatory." *Id.*

The reason for allowing a plaintiff the full statutory period under the discovery rule is that the rule does not require complete knowledge of all the elements of the claim to trigger the limitations period but merely that the plaintiff suspect a factual basis for the claim. That suspicion then triggers the limitations period because "within the applicable limitations period, he must indeed seek to learn the facts necessary to bring the cause of action in the first place." *Norgart v. Upjohn Co.*, 981 P.2d 79, 88 (Cal. 1999). Accordingly, California courts first determine when the plaintiff should have been on notice of a potential claim and then apply the full limtiations period to that date. *See, e.g., id.* at 95.

The delayed discovery rule has been applied to claims brought under California's Unfair Competition Law. *Grisham v. Philip Morris USA, Inc.*, 151 P.3d 1151, 1159 (Cal. 2007); *Massachusetts Mutual Life Ins. Co. v. Superior Court*, 119 Cal. Rptr. 2d 190, 199 (Cal. App. Ct. 2002) (limtations period for UCL claim "will probably run from the time a reasonable person would have discovered the basis for a claim"). More generally, in *Aryeh*, the California Supreme Court

10

held that a UCL claim "is governed by common law accrual rules to the same extent as any other statute." *Aryeh*, 292 P.3d at 878. And while there does not appear to be direct precedent applying the discovery rule to Cartwright Act claims, under the reasoning of *Aryeh*, common law accrual rules such as the discovery rule are presumed to apply to statutory causes of action. *Id.* at 876.

Applying the delayed discovery accrual rule to this case, Plaintiffs would not have had even reason to suspect any wrongoing by Defendants until, at the earliest, the complete settlement agreement with the No-AG commitment was made publicly available. Starting from that date, Plaintiffs were entitled to the full four year limitations period for their Cartwright Act and Unfair Competition Law claims to bring suit. [6]

## CONCLUSION

For each of the foregoing reasons, Plaintiffs' Partial Motion for Reconsideration should be granted. To the extent that the Court does not

---

[6] The first complaint asserting the two California statutory claims was filed on October 25, 2012 by Plaintiff IBEW Local 595. This complaint, however, relates back to the filing of the Complaint by Plaintiffs McAnaney and IBEW Local 38 on August 14, 2012 pursuant to the tolling doctrine for putative class actions recognized in *American Pipe and Construction Co. v. Utah*, 414 U.S. 538 (1974) because the the McAnaney / IBEW Local 38 complaint was brought on behalf of, among others, a putative nationwide class of end-payors of Lamictal and its generic equivalents, of which IBEW Local 595 was a member.

11

reconsider and sustains the granting of any part of Defendants' motion, Plaintiffs respectfully request leave to amend their pleadings.

DATED: April 5, 2016

Respectfully submitted,

**DEBENEDICTIS & DEBENEDICTIS LLC**

 /s/ Michael J. DeBenedictis
Michael J. DeBenedictis
20 Brace Road, Suite 350
Cherry Hill, NJ 08034
Telephone: (856) 795-2101
mjd@debenedictislaw.com

*Liaison Counsel for Plaintiffs and Interim Class Liaison Counsel*

**SCOTT+SCOTT, ATTORNEYS AT LAW, LLP**
David R. Scott
drscott@scott-scott.com
Joseph P. Guglielmo (*pro hac vice*)
jguglielmo@scott-scott.com
Donald A. Broggi
dbroggi@scott-scott.com
405 Lexington Ave., 40th Floor
New York, NY  10174
Telephone:   (212) 223-6444
Facsimile:    (212) 223-6334

**SCOTT+SCOTT, ATTORNEYS AT LAW, LLP**
Christopher M. Burke (*pro hac vice*)
cburke@scott-scott.com
Walter W. Noss (*pro hac vice*)
wnoss@scott-scott.com

12

707 Broadway, Suite 1000
San Diego, CA 92101
Telephone:  (619) 233-4565
Facsimile:   (619) 233-0508

*Counsel for Plaintiffs McAnaney and IBEW Local 38, Chair of Steering Committee and Interim Class Counsel*

**TUSA P.C.**
Joseph S. Tusa (*pro hac vice*)
joseph.tusapc@gmail.com
1979 Marcus Avenue, Ste. 210
Lake Success, NY  11042
Telephone:   (516) 622-2212
Facsimile:  (516) 706-1373

*Counsel for Plaintiffs McAnaney and IBEW Local 38, Plaintiffs Steering Committee and Interim Class Counsel*

**SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP**
Todd M. Schneider
tschneider@schneiderwallace.com
Jason H. Kim
jkimschneiderwallace.com
180 Montgomery Street, Suite 2000
San Francisco, CA  94109
Telephone: (415) 421-7100
Facsimile:  (415) 421-7105

**SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP**
Garrett W. Wotkyns
gwotkynsschneiderwallace.com
8501 North Scottsdale Road, Suite 270
Scottsdale, AZ  85253
Telephone:  (480) 428-0144
Facsimile:  (866) 505-8036

13

**LEONARD CARDER LLP**
Aaron Kaufmann
1330 Broadway, Suite 1450
Oakland, CA  94612
Telephone:  (510) 272-0169
Facsimile:  (510) 272-0174

*Counsel for Plaintiff IBEW Local 595, Plaintiffs Steering Committee and Interim Class Counsel*