**DEBENEDICTIS & DEBENEDICTIS LLC**
Michael J. DeBenedictis
20 Brace Road, Suite 350
Cherry Hill, NJ 08034
Telephone: (856) 795-2101
mjd@debenedictislaw.com

*Liaison Counsel for Plaintiffs*

**SCOTT+SCOTT, ATTORNEYS AT LAW, LLP**
Christopher M. Burke (*pro hac vice*)
cburke@scott-scott.com
Walter W. Noss (*pro hac vice*)
wnoss@scott-scott.com
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile:  (619) 233-0508

*Counsel for Plaintiffs McAnaney and IBEW Local 38,*
*Chair of Steering Committee*

*Additional Counsel Listed on Signature Page*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
|  | : No. 2:12-cv-05120-WHW-CLW |
| IN RE: LAMICTAL INDIRECT | : |
| PURCHASER AND ANTITRUST | : Return Date:  May 2, 2016 |
| CONSUMER LITIGATION | : |
|  | : |
| This Document Relates to: | : |
|  | : |
| **ALL INDIRECT PURCHASER** | : |
| **ACTIONS** | : |

### PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER
### SUPPORT OF MOTION FOR PARTIAL RECONSIDERATION

# TABLE OF CONTENTS

**Page(s)**

**INTRODUCTION AND SUMMARY OF ARGUMENT** ................................. 1

**ARGUMENT** ................................................................................ 2

I.   DEFENDANTS CANNOT DISTINGUSH THE NEW YORK CASES DISCUSSING THE DONNELLY ACT STATUTE OF LIMITATIONS ........ 4

II.  PLAINTIFF IBEW LOCAL 595's CALIFORNIA CLAIMS WERE TIMELY FILED BASED ON AMERICAN PIPE TOLLING AND CALIFORNIA'S DELAYED ACCRUAL RULE ...................................................... 6

**CONCLUSION** .................................................................... 9

## TABLE OF AUTHORITIES

CASES                                                                                      PAGE(S)

*Agency Holding Corp. v. Malley-Duff & Assoc., Inc.*,
    483 U.S. 143 (1987)…………………………………………………………8

*American Pipe and Construction Co. v. Utah*,
    414 U.S. 538 (1974)……………………………..………………………6,7,8

*Aryeh v. Canon Bus. Solutions, Inc.*,
    292 P.3d 871 (Cal. 2013)…………………………………………………....9

*Cullen v. Margiotta*,
    811 F.2d 698 (2d Cir. 1987)…………………………..………………..……8

*Herman v. 36 Gramercy Park Realty Assoc., LLC*,
    2014 N.Y. Misc. LEXIS 1578 (N.Y. Sup. Ct. Apr. 2, 2014)………………..5

*In re Aspartame Antitrust Litig.*,
    2007 WL 5215231 (E.D. Pa. Jan. 18, 2007)…………………………………...5

*In re Ciprofloxacin Hydrochloride Antitrust Litig.*,
    261 F. Supp. 2d 188 (E.D.N.Y. 2003)…………..……………………………7

*In re Smith Barney Transfer Agent Litig.*,
    884 F. Supp. 2d 152 (S.D.N.Y. 2012)…………………………………………9

*In re Worldcom Sec. Litig.*,
    2004 WL 540450 (S.D.N.Y. March 19, 2004)………………………………8

*Kelly v. Hendricks*,
    2006 U.S. Dist. LEXIS 3494 (D.N.J. Jan. 27 2006)……..………………..2

*Korwek v. Hunt*,
    827 F.2d 874 (2d Cir. 1987)……..………………………………………7

*McKowan Lowe & Co., Ltd. v. Jasmine, Ltd.*,
    295 F.3d 380 (3d Cir. 2002)………..…………..……………………..7

*Mercedes-Benz Antitrust Litig.*,
    2006 U.S. Dist. LEXIS 51202 (D.N.J. July 26, 2006) (Walls, J.)……….…4

*Nelson v. County of Allegheny*,
    60 F.3d 1010 (3d Cir. 1995)…..…………………………………………7,8

*New York v. Feldman*,
    2003 U.S. Dist. LEXIS 11759 (S.D.N.Y. July 10, 2003)…………………4,5

*Norgart v. Upjohn*,
    981 P.2d 79 (Cal. 1999)……………………………………………………..9

*Pericon v. Ruck*,
    2008 N.Y. Misc. LEXIS 7952 (N.Y. Sup. Ct. Feb. 7, 2008)………………..5

*Robbins v. Fluor Corp.*,
    835 F.2d 213 (9th Cir. 1987)……...……………….…………………………...7

*Statistical Phone Philly v. NYNEX Corp.*,
    116 F. Supp. 2d 468 (S.D.N.Y. 2000)…………………………………………6

*Teva Pharm. Indus Ltd. v. Smithkline Beechham Corp.*,
    D.N.J. Case No. 08-cv-3706 (DMC), Opinion (D.N.J. June 16, 2009)……..4

*Yang v. Odom*,
    392 F.3d 97 (3d Cir. 2004)………..…………………………………..6,7

Plaintiffs Carolyn McAnaney, the International Brotherhood of Electrical Workers Local 38, Health and Welfare Fund ("IBEW Local 38") and the International Brotherhood of Electrical Workers Local 595, Health and Welfare Fund ("IBEW Local 595") (collectively, "Plaintiffs") respectfully submit this Reply Memorandum of Law in Futher Support of their Motion for Partial Reconsideration (Doc. No. 98-1; "Plf. Reconsid. Br.") and in response to *Defendants' Response to Plaintiffs' Motion for Partial Reconsideration* (Doc. No. 99; "Reconsid. Opp.") filed by defendants GlaxoSmithKline LLC ("GSK"), Teva Pharmaceutical Industries Ltd. ("Teva Ltd.") and Teva Pharmaceuticals USA, Inc. ("Teva USA" and with Teva Ltd., "Teva", and with GSK, "Defendants").

## INTRODUCTION AND SUMMARY OF ARGUMENT

Defendants' opposition begins by critisizing the justification for Plaintiffs' reconsideration motion.  However, their opposition does not deny that Defendants did *not* raise the issue cited by the Court to dismsiss Plaintiffs' New York and California antitrust claims.  *See* Plf. Reconsid. Br. at 2, 7.  That issue was whether Plaintiffs are afforded the *full four-year statutes of limitations* allowed by the New York and California antitrust statutes *after* delayed notice of those claims due to Defendants' fraudulent concealment. The reconsideration standards dictate that Plaintiffs be afforded the opportunity to respond to that claim-dispositive issue. Upon review, the New York and California case law supports use of the entire four-year statutes of limation from the delayed accrual date applicable here, namely October 6, 2008.  Plaintiffs' Donnelly Act, Cartwright Act and California Unfair Competition Law claims were timely filed under that standard.

Defendants misread the Court's Order by arguing that it ultimately held Plaintiffs' claims accured in March 2006. Reconsider Opp. at 1, 3-4. While this Court did find that certain disclosures were made in March 2006, the Court agreed with Plantiffs that Defendants fraudulently concealed their No-AG Commitment. As a result, accrual was delayed until October 6, 2008. Op. at 27; Plf. Reconsid. Br. at 3-5. Defendants must be wrong, because if not, the Court would have dismissed Plaintiff McAnancey's New York unjustment claim, filed in August 2012, having a six-year statute of limations. But it sustained that claim as timely.

Defendants use their reconsiderion opposition to offer a slate of *new* defenses in support of their original motion. Those defenses are procedurally untimely and should not be considered. *See Kelly v. Hendricks*, 2006 U.S. Dist. LEXIS 3494, * 5 (D.N.J. Jan. 27 2006).

Ironically, Defendants accuse Plaintiffs of arguing the applicability of *American Pipe* tolling for the first time on reconsideration. That argument might be convincing if it were not untrue. Plaintiff IBEW Local 595 *did* make that argument in Plaintiffs' opposition to the original motion. Doc. No. 89 at 24.

Platiniffs' reconsideration motion should be granted and their Donnelly Act, Cartwright Act and California Unfair Competition Law claims should be restored.


## ARGUMENT

There can be no doubt that this Court ruled that Defendants did not publicly disclose the No-AG Commitment contained in their 2005 settlement until 2008. Op. at 27 ("agree[ing] with Plaintiffs that" Defendants' public disclosures about

the settlement "did not clearly indicate that GSK had agreed not to sell its own generic lamotrigine tablets during the time period, ….").   Nor could anyone reasonably dispute that the No-AG Commitment is the central premise of the antitrust claim made in this case.  *Id*. ("[T]he No-AG Commitment is part of the allegedly anticompetitive conduct upon which Plaintiffs bring their claims.").

Defendants nevertheless urge this Court to adopt the portion of its decision opining on what the accrual date for Plaintiffs' counsel would have been *absent* Defendants' fraudulent concealment of the No-AG Commitment.  Reconsid. Opp. at 1, 3.  Defendants' position cannot be reconciled with the Court's later rulings concerning their failure to disclose their No-AG Committement.   Op. at 27. Defendants must be wrong, because under their analysis this Court would have dismissed Plaintiffs' New York unjust enrichment claim as untimely filed more than six-years after the March 2006 accural date they endorse.  *See* Op. at 42-43 ("The period [for the New York unjustment claim] beings to run 'upon the occurrence of the wrongful act giving rise to a duty of restitution and not from the time the facts constituting the fraud are discovered.'") (citation omitted).

Properly construed, this Court found the proper *delayed* accrual date was either October or July 2008.  Op. at 28.  Plaintiffs argued and maintain that the October 6, 2008 date is the correct date beause it was the first time Defendants' *actual* agreement containing the No-AG Committement was publicly available. *See*.  Defendants do not dispute that this Court did not decide between the October

3

and July 2008 accurral dates.   Yet, unsurprisingly, they argue for July 2008, Resonsid. Opp. at 5-6, ignoring the fatal flaws in that analysis.[1]   Plf. Reconsid. Br. at 5.  The Court did not choose between the October and July 2008 dates, and need not do so now.  Resolution of that issue is dependent on factual determinations that should not be made on this sparse record.  *See Mercedes-Benz Antitrust Litig.*, 2006 U.S. Dist. LEXIS 51202, *67 (D.N.J. July 26, 2006) (Walls, J.).

## I.   DEFENDANTS CANNOT DISTINGUSH THE NEW YORK CASES DISCUSSING THE DONNELLY ACT STATUTE OF LIMITATIONS

A New York federal court has considered the precise question of how to apply the Donnelly Act's statute of limations after delayed accrual caused by fraudulent concealment.  It held that the full four-statute of limitations applies after the delayed accrual date begins to run.  *New York v. Feldman*, 2003 U.S. Dist. LEXIS 11759, *17 (S.D.N.Y. July 10, 2003) ("The States then apparently brought this action *well within four years* from the date they learned of the alleged violations.") (italics added).  Defendants respond that this Court already rejected *Feldman's* analysis.  Reconsid. Opp. at 9. However, they candidly concede that this Court considered only *Feldman's* analysis of whether Donnelly Act violations

---

[1]     Adding to those fatal flaws, Defendants do not reconcile how Teva's July 2008 complaint pleading claims for GSK's sale of a *branded* Lamictal product put anyone on notice of antitrust claims based on Defendants' No-AG Committement intented to prevent *generic* competition to Lamictal.  *See Teva Pharm. Indus Ltd. v. Smithkline Beechham Corp.*, D.N.J. Case No. 08-cv-3706 (DMC), Opinion (D.N.J. June 16, 2009).  Only review of the Defendants' actual agreement, filed by GSK on October 6, 2008, could provide notice of that material fact.

are self-concealing. *Id.* That is different issue. A self-concealing antitrust conspiracy replaces the need to show affirmative concealment. *See In re Aspartame Antitrust Litig.*, 2007 WL 5215231, *6 (E.D. Pa. Jan. 18, 2007). In contrast, Plaintiffs' reconsidieration motion raises the proper application of Donnelly Act's statute of limations *after* this Court held that Defendants engaged in affirmative concealment without the aid of a self-concealing conspiracy.

Defendants fare no better attempting to distinguish the New York case law comporting with *Feldman's* analysis of the Donnelly Act statute of limations after fraudulent concealment. They mention that the particular claims at issue were dismissed in *Herman v. 36 Gramercy Park Realty Assoc., LLC*, 2014 N.Y. Misc. LEXIS 1578 (N.Y. Sup. Ct. Apr. 2, 2014), Reconsid Opp. at 9, but ignore the rule adopted by that case. *Id.* at *24-25 ("The *length of the statutory period* sets an outside limit on what will be regarded as due diligence.") (italics added). But for the fact that the plaintiffs did not file their claims within the full statute of limitation running from their delayed notice of the claimed wrongs, equitable estoppel would have applied under the court's analysis. *Id.* at *25-26 ("Plaintiffs exceeded the outer limit of reasonable due diligence after the facts allegedly giving rise to the estoppel ceased to be operational, *i.e.*, the applicable statute of limitations."). Defendants' limited analaysis of *Pericon v. Ruck*, 2008 N.Y. Misc. LEXIS 7952, *6 (N.Y. Sup. Ct. Feb. 7, 2008) suffers from the same mistake.

Defendants cite *Statistical Phone Philly v. NYNEX Corp.*, 116 F. Supp. 2d 468 (S.D.N.Y. 2000) in support of an argument that the full Donnelly Act four-year statute of limations does not apply. But *Statistical Phone* does not help them. First, it is factual distinguishable because the court found that the defendants did not conceal material facts from the plaintiffs. *Id.* at 482-83. Morover, it holds that equitable estoppel *can* apply if a plaintiff did not have "*all the relevant facts prior to the expiration of the applicable Statute of Limitations.*") (citation omitted; italics added). Here, following a October 6, 2008 accural date, the statute of limitions did not run until October 6, 2012. Plaintiffs timely filed this case in August 2012.

## II.    PLAINTIFF IBEW LOCAL 595'S CALIFORNIA CLAIMS WERE TIMELY FILED BASED ON AMERICAN PIPE TOLLING AND CALIFORNIA'S DELAYED ACCRUAL RULE

As set forth above, Defendants are simply incorrect in asserting that Plaintiffs did not raise the applicability of *American Pipe* tolling in their original opposition to Defendants' motion for judgment on the pleadings. *American Pipe* tolling applies here because the initial complaint in this matter was filed on August 2012 and asserted a nationwide class of payors, which by its definition included IBEW Local 595.

There is no categorical bar in the Third Circuit to applying *American Pipe* tolling to sequentially-filed class actions. To the contrary, the Third Circuit expressly rejected such a sweeping rule in *Yang v. Odom*, 392 F.3d 97, 106 (3d Cir. 2004) ("Given that *American Pipe* tolling would unquestionably apply were

6

the plaintifs here to bring individual actions, it would be at odds with the policy undergirding the class action device, as stated by the Supreme Court, to deny plaintiffs the benefit of tolling, and thus the class action mechanism, when no defect in the class itself has been shown.").

While some courts have resisted applying *American Pipe* tolling where its application would result in a multiplicity of actions or would be used as a vehicle to relitigate class certification decisions, there is no such concern here. *See McKowan Lowe & Co., Ltd. v. Jasmine, Ltd.*, 295 F.3d 380, 389 (3d Cir. 2002) ("[W]e see no good reason why class claims should not be tolled where the district court has not yet reached the issue of the validity of the class."). In *In re Ciprofloxacin Hydrochloride Antitrust Litig.*, 261 F. Supp. 2d 188, 219 (E.D.N.Y. 2003), for example, parties that were not even members of the proposed class asserted in the timely-filed class action complaint sought to benefit from *American Pipe* tolling to file a separate lawsuit. In *Korwek v. Hunt*, 827 F.2d 874, 879 (2d Cir. 1987), the Second Circuit rejected application of *American Pipe* tolling where class certification had already been denied and a newly-filed class action would have had the effect of allowing re-litigation of that issue. *Robbins v. Fluor Corp.*, 835 F.2d 213, 214 (9th Cir. 1987), also dealt with a new class action complaint filed after certification of a similar class was denied and merely relied on *Korwek* and has no independent analysis. Finally, in *Nelson v. County of Allegheny*, 60 F.3d 1010, 1013 (3d Cir. 1995), the *American Pipe* tolling period had already

elapsed when the new plaintiffs attempted to assert their claims. Here, application of *American Pipe* tolling would merely add an additional plaintiff that was already added through a consolidated complaint and not result in any multiplicity of actions or relitigation of an issue already decided. *See In re Worldcom Sec. Litig.*, 2004 WL 540450 (S.D.N.Y. March 19, 2004) (applying *American Pipe* tolling to claims asserted in a consolidated class action complaint based on the date when the first class action that was later consolidated was filed).

Relatedly, the fact that the original complaint did not assert California statutory claims is not relevant to whether *American Pipe* tolling applies. *American Pipe* does not require complete identity of claims: it merely requires that the subsequently-filed lawsuit be based on the same facts, namely "the same evidence, memories, and witnesses as were involved in the initial putative class action." *Cullen v. Margiotta*, 811 F.2d 698, 720 (2d Cir. 1987), *overruled on unrelated grounds by Agency Holding Corp. v. Malley-Duff & Assoc., Inc.*, 483 U.S. 143 (1987). Here, it cannot be disputed that IBEW Local 595's California statutory claims are based on the exact same facts as the claims alleged in the original complaint.[2]

---

[2] Defendants also argue that the fact that the Plaintiffs in the original complaint allegedly lacked standing to assert California claims precludes *American Pipe* tolling. This is incorrect: *American Pipe* applies even where the original plaintiffs lack standing. *In re Smith Barney Transfer Agent Litig.*, 884 F. Supp. 2d 152, 160 (S.D.N.Y. 2012).

Defendants' analysis of California's delayed accrual rule is equally flawed. The key point of California law raised by Plaintiffs' motion for reconsideration is the fact that, as the Court's opinion failed to recognize, a plaintiff is entitled to the full limitations period once inquiry notice has been triggered.  Defendants do not dispute – nor could they – that this is the rule in California.  Nothing in *Norgart v. Upjohn*, 981 P.2d 79 (Cal. 1999) or *Aryeh v. Canon Bus. Solutions, Inc.*, 292 P.3d 871 (Cal. 2013) is to the contrary and Defendants' invocation of those cases confuses the issue of when inquiry notice is triggered so as to cause the full limitations period to run with the distinct issue of whether the limitations period has expired.

## CONCLUSION

For each of the foregoing reasons and those stated in Plaintiffs' opening brief (Doc. No. 98-1), Plaintiffs' Partial Motion for Reconsideration should be granted and Plaintiffs' Donnelly Act, Cartwright Act and California Unfair Competition Law claims should be restored.

DATED: April 25, 2016

Respectfully submitted,

**DEBENEDICTIS & DEBENEDICTIS LLC**

*/s/* Michael J. DeBenedictis
Michael J. DeBenedictis

20 Brace Road, Suite 350
Cherry Hill, NJ 08034
Telephone: (856) 795-2101
mjd@debenedictislaw.com

***Liaison Counsel for Plaintiffs and
Interim Class Liaison Counsel***

**SCOTT+SCOTT, ATTORNEYS AT
LAW, LLP**
David R. Scott
drscott@scott-scott.com
Joseph P. Guglielmo (*pro hac vice*)
jguglielmo@scott-scott.com
Donald A. Broggi
dbroggi@scott-scott.com
405 Lexington Ave., 40th Floor
New York, NY  10174
Telephone:   (212) 223-6444
Facsimile:    (212) 223-6334

**SCOTT+SCOTT, ATTORNEYS AT
LAW, LLP**
Christopher M. Burke (*pro hac vice*)
cburke@scott-scott.com
Walter W. Noss (*pro hac vice*)
wnoss@scott-scott.com
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone:   (619) 233-4565
Facsimile:    (619) 233-0508

***Counsel for Plaintiffs McAnaney and
IBEW Local 38, Chair of Steering
Committee and Interim Class Counsel***

**TUSA P.C.**
Joseph S. Tusa (*pro hac vice*)
joseph.tusapc@gmail.com
1979 Marcus Avenue, Ste. 210
Lake Success, NY  11042

10

Telephone:   (516) 622-2212
Facsimile:  (516) 706-1373

*Counsel for Plaintiffs McAnaney and
IBEW Local 38, Plaintiffs Steering
Committee and Interim Class Counsel*

**SCHNEIDER WALLACE COTTRELL
  BRAYTON KONECKY LLP**
Todd M. Schneider
tschneider@schneiderwallace.com
Jason H. Kim
jkimschneiderwallace.com
180 Montgomery Street, Suite 2000
San Francisco, CA  94109
Telephone: (415) 421-7100
Facsimile:  (415) 421-7105

**SCHNEIDER WALLACE COTTRELL
  BRAYTON KONECKY LLP**
Garrett W. Wotkyns
gwotkynsschneiderwallace.com
8501 North Scottsdale Road, Suite 270
Scottsdale, AZ  85253
Telephone:  (480) 428-0144
Facsimile:  (866) 505-8036

**LEONARD CARDER LLP**
Aaron Kaufmann
1330 Broadway, Suite 1450
Oakland, CA  94612
Telephone:  (510) 272-0169
Facsimile:  (510) 272-0174

*Counsel for Plaintiff IBEW Local 595,
Plaintiffs Steering Committee and Interim
Class Counsel*