NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| IN RE: LAMICTAL INDIRECT PURCHASER AND ANTITRUST CONSUMER LITIGATION | : : : | **OPINION** |
|  | : : | Civ. No. 12-5120 (WHW)(CLW) |
| THIS DOCUMENT RELATES TO: ALL INDIRECT PURCHASER ACTIONS | : : : : : | |

**Walls, Senior District Judge**

      In this putative class action, Plaintiffs, who are indirect purchasers of the drug lamotrigine, challenge the legality of a patent litigation settlement between the Defendant pharmaceutical companies. A full factual and procedural background is detailed in the Court's March 22, 2016 opinion granting in part and denying in part Defendants' motion for judgment on the pleadings and incorporated by reference here. ECF No. 95 at 1-13. In that opinion, the Court dismissed as time-barred Plaintiffs' antitrust and unfair competition claims brought under New York, Michigan, and California state law. *Id.* at 18-38. Plaintiffs now move for reconsideration of the Court's dismissal of their claims under New York's Donnelly Act and California's Cartwright Act and Unfair Competition Law ("UCL"). ECF No. 98. Defendants filed a brief in opposition on April 18, 2016, ECF No. 99, and Plaintiffs filed a reply in further support of their motion on April 25, 2016. ECF No. 100. Decided without oral argument under Fed. R. Civ. P. 78, Plaintiffs' motion is denied.

## LEGAL STANDARD

      Local Civil Rule 7.1(i) allows a party to file a motion for reconsideration within 14 days after the entry of a judgment and directs the party seeking reconsideration to submit "a brief

NOT FOR PUBLICATION

setting forth the matter or controlling decisions which the party believes the Judge . . . has overlooked." L. Civ. R. 7.1(i) (as amended by Order of Chief Judge Garrett E. Brown, March 1, 2010). The Third Circuit has held that the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted).

Reconsideration motions, however, may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised before the entry of judgment. Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2810.1. "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Guitierez v. Ashcroft*, 289 F. Supp. 2d 555, 561 (D.N.J. 2003) (quoting *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990)). Such motions will only be granted where (1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises. *North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

Because reconsideration of a judgment after entry is an extraordinary remedy, requests under these rules are to be granted "sparingly," and only when "dispositive factual matters or controlling decisions of law" were brought to the court's attention but not considered. *Yurecko v. Port Auth. Trans-Hudson Corp.*, 279 F. Supp. 2d 606, 608-09 (D.N.J. 2003); *see also NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996); *Pelham v. United States*, 661 F. Supp. 1063, 1065 (D.N.J. 1987).

NOT FOR PUBLICATION

## DISCUSSION

Plaintiffs argue that the Court made clear errors of law in its dismissal of their New York Donnelly Act and California Cartwright Act and UCL claims and argue that they had insufficient opportunity to brief an issue regarding the Donnelly Act claim. ECF No. 98 at 2. The Court disagrees.

### I.      Count Four: the Donnelly Act claim

In its March 22, 2016 opinion and order, the Court dismissed as time-barred Count Four of Plaintiff's amended complaint, which charged Defendants with entering into a "contract, agreement, arrangement, or combination to establish and maintain a monopoly in the conduct of trade or commerce [of lamotrigine tablets] in New York," in violation of New York's Donnelly Act, New York GBL § 340, *et seq.* Amended Complaint, ECF No. 38 ¶¶ 152-161. The Court held that the limitations period for Donnelly Act claims is four years from the date of accrual, ECF No. 95 at 21, and that Plaintiffs' Donnelly Act claim accrued on August 30, 2006, when Plaintiffs first began to suffer the effects of the allegedly anticompetitive agreement. *Id.* at 21. The Court also found that the doctrine of equitable estoppel did not preserve Plaintiffs' claim because most facts relevant to Plaintiffs' cause of action were disclosed and/or publicly available in 2006, *id.* at 25-27, and because the terms of Defendants' allegedly unlawful "No-AG Commitment" were expressly disclosed on October 6, 2008, at the very latest, ending any period of estoppel. *Id.* at 27-28. Because Plaintiffs did not file their first complaint until August 14, 2012, nearly four years after the October 6, 2008 date, the Court held that Plaintiffs had failed to meet their burden to "establish that the action was brought within a reasonable time after the

3

NOT FOR PUBLICATION

facts giving rise to the estoppel have ceased to be operational." *Id.* at 28 (quoting *Simcuski v. Saeli*, 44 N.Y.2d 442, 450 (N.Y. 1978)).[1]

Plaintiffs now claim that the Court erred in holding that Count Four was untimely. Plaintiffs first argue that they did not have sufficient opportunity to brief the "reasonable time after the facts" issue because Defendants, in their motion to dismiss, did not discuss Plaintiffs' duty to engage in "due diligence" to file their claim within a reasonable time after discovering a previously-concealed material fact. ECF No. 98 at 7-8. Defendants instead argued that they had not concealed any material facts at all. *Id.* But "due diligence on the part of the plaintiff in bringing his action is an essential element for the applicability of the doctrine of equitable estoppel, to be demonstrated by the plaintiff when he seeks the shelter of the doctrine." *Simcuski*, 44 N.Y.2d at 450 (citing Plaintiff's Diligence as Affecting His Right to Have Defendant Estopped From Pleading the Statute of Limitations, Ann., 44 ALR 3d 760, § 7, pp. 774-779). The burden was on Plaintiffs to demonstrate all "essential elements" for the applicability of the equitable estoppel doctrine when they invoked the doctrine in response to Defendants' motion to dismiss. Defendants did not need to anticipate Plaintiffs' response to their motion and preemptively discuss the doctrine's elements for them.

Plaintiffs also claim the Court erred when it held that Plaintiffs failed to establish that the period between October 2008 and August 2012 was a "reasonable time" in which to file their

---

[1] As Plaintiffs acknowledge, ECF No. 100 at 3-4, the Court did not decide whether the terms of the No-AG Commitment were actually revealed on July 23, 2008, when Teva filed a complaint against GSK in federal court referring to the No-AG Commitment, or on October 8, 2008, when GSK filed a redacted copy of the No-AG Commitment in the same civil action. *See* ECF No. 95 at 27-28. The Court again declines to do so here. If the facts giving rise to estoppel were revealed on July 23, 2008, Plaintiffs' Donnelly Act claim would clearly be untimely because the first complaint was filed more than four years – the full statutory limitations period – after this date. *See* ECF No. 99 at 5.

NOT FOR PUBLICATION

first complaint. ECF No. 6-7. Plaintiffs argue they were entitled to bring their Donnelly Act

claim any time within four years of October 2008 – the full statutory limitations period – and that

the Court should have found their August 2012 complaint was timely. *Id.* The Court is not

convinced that it made a manifest error of law. At most, the cases Plaintiffs use to support their

position hold that the full statutory limitations period is the *maximum* amount of time plaintiffs

have to file a claim after discovering material facts giving rise to estoppel, not that plaintiffs are

always entitled to this full period. *See*, e.g., *New York v. Feldman*, 2003 WL 21576518, at *5

(S.D.N.Y. July 10, 2003) (plaintiffs' action was timely when brought "*well within* four years

from the date they learned of the alleged violations") (emphasis added); *Herman v. 36 Gramercy

Park Realty Assoc., LLC*, 2014 N.Y. Misc. LEXIS 1578, at *24-25 (N.Y. Sup. Ct. Apr. 2, 2014)

("The length of the statutory period sets an *outside limit* on what will be regarded as due

diligence") (emphasis added).

Simcuski v. Saeli is particularly instructive. 44 N.Y.2d 442, 450-51 (N.Y. 1978). In that

case, the New York Court of Appeals held that "in no event will the plaintiff be found to have

exercised the required diligence if his action is deferred beyond the date which would be marked

by the reapplication of the statutory period." *Id.* The court also held that "[w]hether in any

particular instance the plaintiff will have discharged his responsibility of due diligence . . . must

necessarily depend on all the relevant circumstances." *Id.* at 450. Although the plaintiff in

*Simcuski*, like Plaintiffs here, brought her claim *within* the full statutory period after she

discovered the facts giving rise to estoppel, the court held that the "skeletal" record in the case

NOT FOR PUBLICATION

did not allow it to determine whether she "met her obligation of due diligence" and timely filed the claim. *Id*. at 451.[2]

The record before the Court on Plaintiffs' motion to dismiss was sufficient to determine that Plaintiffs did not meet their obligation of due diligence. Plaintiffs waited at least three years and ten months after learning of the No-AG Commitment to file their first complaint. The only justification they provided for this delay the Federal Trade Commission's publication of a report identifying no-AG agreements as potentially unlawful in 2011. The Court expressly rejected the relevance of this report in its March 22, 2016 opinion. *See* ECF No. 95 at 27 n.4. Plaintiffs repeat their position but offer no additional arguments here. No. 98 at 8. Because Plaintiffs have not met their burden to facially demonstrate that they filed their complaint within a "reasonable" amount of time after learning of the No-AG Commitment, the Court will not reconsider its dismissal of Count Four.

## II.   Counts Eight and Nine: the California state law claims

Plaintiffs also seek reconsideration of the Court's dismissal of Counts Eight and Nine of the amended complaint as time-barred. In Count Eight, Plaintiffs alleged that Defendants engaged in a "combination to create or carry out restrictions in trade or commerce, and any agreement to fix the price of" lamotrigine tablets, in violation of California's Cartwright Act,

---

[2] The *Simcuski* court also noted that, when the conduct causing estoppel "ceased to be operational within the otherwise applicable period of limitations" – as it did here – "many courts have denied application of the doctrine on the ground that the period during which the plaintiff was justifiably lulled into inactivity had expired prior to the termination of the statutory period, and that plaintiff had thereafter had sufficient time to commence his action prior to the expiration of the period of limitations." *Simcuski*, 44 N.Y. at 449-50 (citing *509 Sixth Ave. Corp. v. New York City Tr. Auth.*, 265 N.Y.S.2d 429 (N.Y. App. Div. 1965)). If the Court were to hold that the equitable estoppel doctrine did not apply at all to Plaintiffs' claim because the estoppel period ended in 2008, less than four years after the claim accrued in 2006, Count Four would of course be untimely.

NOT FOR PUBLICATION

California Bus. & Prof. Code n§ 16700, *et seq.* ECF No. 38 ¶¶ 185-88. In Count Nine, Plaintiffs

alleged that Defendants' conduct constituted an "unlawful, unfair, or fraudulent business act or

practice" in violation of the California UCL. California Bus. & Prof. Code § 17200, *et seq. Id.* ¶¶

189-92. The Court held that the statutory limitations period for both California claims is four

years from the date of accrual, ECF No. 95 at 32; that California's "delayed discovery rule" did

not postpone the date of accrual of either claim beyond August 30, 2006, *id.* at 35-36; and that

the fraudulent concealment doctrine did not toll the statute of limitations period for either action.

*Id.* at 36-38. Because Plaintiffs filed their first complaint more than four years after the accrual

date of their California claims, the Court dismissed Counts Eight and Nine as untimely. *Id.* at 38.

Plaintiffs now argue that the delayed discovery rule did postpone the accrual of their

California claims and that the Court erred by holding that they had less than the full, four-year

statutory limitations period in which to bring their claims after accrual. ECF No. 98 at 9-10; ECF

No. 100 at 9. Plaintiffs fail to demonstrate that the Court made a manifest error.

As an initial matter, the Court did *not* hold that Plaintiffs had less than four years from

the date their California claims accrued in which to file a complaint. Instead, the Court held that

the delayed discovery rule did not postpone the accrual date of the claims beyond August 30,

2006, and that Plaintiffs claims were untimely because they filed their first complaint more than

four years after that date. ECF No. 95 at 35-36. The Court observed that at least one federal

district court has held the delayed discovery rule does not apply to Cartwright Act claims at all,

*see* ECF No. 95 at 35 (citing *Ryan v. Microsoft Corporation*, 2015 WL 1738352, at *16 (N.D.

Cal. April 10, 2015)), but held that, even assuming the delayed discovery rule *could* postpone

accrual of Cartwright Act and UCL claims, it did not do so in this case. *Id.* at 35-36. The Court

held that Plaintiffs had "reason to discover" their claims in 2006, *id.* at 95 (quoting *Aryeh v.*

NOT FOR PUBLICATION

*Canon Business Solutions, Inc.*, 55 Cal. 4th 1185, 1193 (Cal. 2013)), because they had "reason to suspect at least a factual basis for [the] elements" of the claims, *id.* (quoting *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (Cal. 2005)), and were required to "seek to learn the facts necessary to bring the cause of action in the first place." *Id.* (quoting *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 397 (Cal. 1999)).

Plaintiffs argue that they did not know the "complete" terms of the allegedly anticompetitive settlement agreement, including the No-AG Commitment, until 2008. ECF No. 98 at 11. But enough information was publicly available by August 30, 2006 that Plaintiffs had "reason to discover" their causes of action on the date they allegedly began to suffer harm. *See* ECF No. 95 at 25-26 (listing information relevant to Plaintiffs' claims revealed in court filings and Defendants' press releases and SEC filings in 2005 and 2006). The delayed discovery rule did not postpone the accrual date of the California claims beyond August 30, 2006, and Counts Eight and Nine were properly dismissed as time-barred.[3]

### III.   Leave to amend pleadings

In the event that the Court does not reconsider its dismissal of Counts Four, Eight, and Nine, Plaintiffs seek leave to amend their pleadings. *Id.* at 11-12. The Court previously ordered that Plaintiffs may seek leave to amend within 90 days of the Court's March 22, 2016 order. ECF No. 94. Plaintiffs are instructed to submit a timely formal motion seeking leave to amend, including a red-lined copy of the proposed amended complaint outlining the proposed amendments, in accordance with Fed. R. Civ. P. 15(a)(2), L. Civ. R. 7.1, and the Judicial

---

[3] Because the Court affirms its holding that Counts Eight and Nine accrued on August 30, 2006 and expired on August 30, 2010, the Court need not address Plaintiffs' argument that the Cartwright Act and UCL claims asserted in the amended complaint "relate back" to the first complaint filed on August 14, 2012. *See* ECF No. 98 at 11 n.6; ECF No. 99 at 11-12 (arguing that the California claims do not relate back).

8

NOT FOR PUBLICATION

Preferences of Magistrate Judge Cathy L. Waldor, available at

http://www.njd.uscourts.gov/content/cathy-l-waldor.

## CONCLUSION

Plaintiffs' motion for reconsideration is denied. An appropriate order follows.

DATE: _18 May 2016_

_____
William H. Walls
Senior United States District Court Judge